UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

BENJAMIN JACKSON,

      Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

      Defendants.

_____/

## NOTICE OF REMOVAL

Defendant The Lincoln National Life Insurance Company ("Lincoln National") files this Notice of Removal and states as follows:

### STATE COURT ACTION

1. Plaintiff Benjamin Jackson ("Plaintiff") commenced this action on or about September 21, 2020 by the filing of a Complaint in the Circuit Court of the Third Judicial Circuit in and for Columbia County, Florida, Case No. 2020-ca-221. The Summons and Complaint were served on the Florida Department of Financial Services (the "Department") by mail on September 23, 2020 as registered agent for service of process of Lincoln National. The Department served Lincoln National by Electronic Delivery on September 28, 2020[1]. No further proceedings have occurred in this action, and the Department's Notice of Service of Process, Summons, Civil Cover Sheets, Complaint and Plaintiff's Notice of Appearance as Counsel

---

[1] This removal was timely filed within 30 days of service. Under Federal Rule of Civil Procedure 81(c)(2)(C), "a defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods … (c) 7 days after the notice of removal is filed." Accordingly, Lincoln National's response to Plaintiff's complaint is now due by November 4, 2020.

constitute the only process, pleadings or papers served in this action (collectively attached as **Exhibit 1**).

2. In the Complaint, Plaintiff seeks to recover "loss of use" benefits under Voluntary Accidental Death and Dismemberment Insurance Policy Number 000403002094 (the "AD&D Policy") issued by Lincoln National to Pat Salmon & Sons, Inc. ("Pat Salmon") under which Plaintiff obtained coverage by virtue of his employment with Pat Salmon. A copy of the AD&D Policy, Certificate of Insurance and SPD is attached as **Exhibit 2**. The AD&D Policy under which Plaintiff seeks to recover benefits is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA") and therefore this action is subject to ERISA.

**FEDERAL QUESTION JURISDICTION**

3. Because this action involves a claim to recover benefits and to enforce rights under an employee welfare benefit plan, it is governed by ERISA. Under ERISA, this Court has concurrent original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). Removal is effectuated pursuant to the provisions of 28 U.S.C. § 1441 and is timely under the provisions of 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since Lincoln National was served with the Complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999) (thirty day period for removal is triggered by "simultaneous service of the summons and complaint or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

4. The AD&D Policy constitutes part of an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1). Five elements are required for a plan to constitute an employee welfare benefit plan under Section 1002(1):

> (1) A 'plan, fund or program' (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc). In Donovan, the Eleventh Circuit stated:

> [A] plan, fund or program [exists] under ERISA . . . if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.

Id. at 1373. The AD&D Policy clearly fits within this definition of a Section 1002(1) "plan, fund or program." The intended benefits are the benefits provided under the AD&D Policy. The class of beneficiaries is composed of the eligible employees of Pat Salmon who were eligible for and who enrolled for coverage as provided by the AD&D Policy. The source of financing of the benefits is the AD&D Policy. The procedures for receiving benefits are those set out in the AD&D Policy.

5. There is no requirement that the employer play any role in administering the plan in order for it to be deemed an ERISA-governed employee welfare benefit plan. Thus, a commercially purchased insurance policy under which the procedures for receiving benefits are all dictated by the insurance carrier can constitute a plan for ERISA purposes. See Donovan, 688 F.2d at 1374. Indeed, the Section 1002(1) definition expressly contemplates and encompasses benefits "provid[ed] . . . through the purchase of insurance." Accordingly, there can be no doubt that the AD&D Policy qualifies as part of a "plan, fund or program," as that term is used in Section 1002(1).

6. The Section 1002(1) requirement that an ERISA employee welfare benefit plan be "established or maintained by [the] employer" is also satisfied in this case. Pat Salmon made coverage under the AD&D Policy available to eligible employees as part of its employee welfare benefit plan. Moreover, the AD&D Policy was issued to Pat Salmon and Pat Salmon remitted the premiums for the coverage and made the coverage available to eligible employees, including Plaintiff. In addition, Pat Salmon chose to offer and continue the use of an insurance program as an employee benefit for eligible employees. See Memorial Hospital Systems v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990) (purchase of group insurance policy constituted an ERISA welfare benefit plan). Thus, it is clear that Pat Salmon both established and maintained the AD&D Policy for its employees as required by Section 1002(1). See Donovan, 688 F.2d at 1375. Accordingly, the AD&D Policy constitutes part of an employee welfare benefit plan governed by ERISA.

7. ERISA defines a "participant" as follows:

> [A]ny employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(8). Here, Plaintiff is a participant as defined by ERISA to the extent he was an employee of Pat Salmon covered by the AD&D Policy.

8. In this action, Plaintiff seeks a determination regarding entitlement to benefits under the AD&D Policy, which constitutes part of an employee welfare benefit plan. Under the United States Supreme Court decisions in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) and Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), the allegations in the Complaint are sufficient to bring this case within the provisions of ERISA which provides the exclusive remedy for actions within its scope and preempts all other remedies. See also 29 U.S.C. § 1144.

9.     The District Courts of the United States have concurrent original jurisdiction over actions brought to recover benefits and enforce rights under employee welfare benefit plans and federal law under ERISA controls.  29 U.S.C. § 1132(e)(1); Pilot Life, 481 U.S. at 55.  Removal of such cases to federal court is, therefore, proper.  Metropolitan Life, 481 U.S. at 67.

10.     ERISA's preemptive power is so strong that all claims that relate to employee welfare benefit plans are automatically re-characterized as federal in nature and are, therefore, removable to United States District Courts.  Id.   Indeed, the Supreme Court's decision in Metropolitan Life has specifically abrogated, in ERISA cases, the principle that in determining removal jurisdiction, the Court will consider only a plaintiff's well-pleaded complaint.  Id.; accord Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329-30 (11th Cir. 1998).

## FEDERAL DIVERSITY JURISDICTION

11.     In addition, because Plaintiff contends in the Civil Cover Sheet dated September 21, 2020 that benefits in the amount of over **$100,000.00** are at issue in the present action, based upon that allegation, Plaintiff's Complaint purports to involve an amount in excess of $75,000.00 and therefore removal on the basis of diversity jurisdiction, 28 U.S.C. § 1332, is also proper.  In addition, in the Complaint, Plaintiff seeks to recover benefits for the loss of one eye – which benefit under the AD&D Policy attached as Exhibit 2 would be $200,000.00 because Plaintiff's "principal sum" under the AD&D Policy is $400,000.00 and benefits for loss of one eye is one half of the principal sum.  **Exhibit 2.**

12.     Lincoln National is a foreign corporation organized under the laws of the state of Indiana with its principal place of business in Radnor, Pennsylvania.  Lincoln is thus a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction, whereas Plaintiff is a citizen of the state of Florida.  Accordingly, the parties are of diverse citizenship and the requisite amount in controversy is present to support diversity jurisdiction.  Thus, this Court has original

jurisdiction of this action under the provisions of 28 U.S.C. § 1332 and it is one that may be removed to this Court by Lincoln National pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. See Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (in determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal.).

## Removal Jurisdiction

Based on a reasonable interpretation of the pleadings and the record before this Court, it is clear that this Court has both ERISA federal question and diversity subject matter jurisdiction. Accordingly, Lincoln National asks that the United States District Court for the Middle District of Florida issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Dated: October 28, 2020

McDOWELL HETHERINGTON LLP
Attorneys for Defendant
2385 N.W. Executive Center Drive., Suite 400
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax

By: */s/ Wendy L. Furman*
WENDY L. FURMAN
Fla. Bar No. 0085146
wendy.furman@mhllp.com

**CERTIFICATE OF SERVICE**

      I certify that on October 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served a copy of this document by email on the following:

> Brian C. Rodgers, Esq.
> Kris B. Robinson, Esq.
> ROBINSON, KENNON & KENDRON, P.A.
> 582 W. Duval Street
> Lake City, FL 32055
> bcr@rkkattorneys.com
> kbr@rkkattorneys.com
> rac@rkkattorneys.com

      Wendy L. Furman
      Wendy L. Furman