Filing # 113678386 E-Filed 09/21/2020 12:35:25 PM

EXHIBIT 1

### FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRD</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>COLUMBIA</u>   COUNTY, FLORIDA

<u>Benjamin Jackson</u>
Plaintiff

Case # _20-221-CA_
Judge _Douglas_

vs.

<u>The Lincoln National Life Insurance Comapny</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Brian Christopher Rodgers    Fla. Bar # 91998
    Attorney or party    (Bar # if attorney)

Brian Christopher Rodgers    09/21/2020
(type or print name)    Date

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

BENJAMIN JACKSON,

    Plaintiff,

CASE NO.: 20-221-CA

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,
a corporation,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, BENJAMIN JACKSON (hereinafter the "Plaintiff"), by and through the undersigned counsel, sues the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter the "Defendant"). In support, the Plaintiff asserts:

## GENERAL ALLEGATIONS

1. This is an action for breach of contract for which damages, exclusive of interest, costs, and attorney's fees, exceed $30,000.00.

2. The Plaintiff is an individual residing in Columbia County, Florida, over the age of eighteen (18) years, and otherwise *sui juris*.

3. The Defendant is, and, for all times relevant to this action, was, a corporation that was initially founded in the State of Indiana, is a corporation registered with the Florida Division of Corporations as a foreign profit corporation, and is an active licensed life and health insurer that has been issued a certificate of authority to do business in the State of Florida by the State of Florida Office of Insurance Regulation and / or the Office of Florida's Chief Financial Officer.

4. The Defendant conducts business regularly in Florida, though its principal place of administrative business is in Indiana, Pennsylvania, and / or other states within the United States of America.

5. Venue is proper in Columbia County, Florida as the Plaintiff resides in Columbia County, Florida; and the Defendant regularly conducts business in Columbia County, Florida.

6. Venue is proper in Columbia County, Florida because the basis for the insurance claim that underlies this action occurred in Columbia County, Florida when the Plaintiff suffered an injury that caused him to completely lose all use of his right eye.

7. Venue is proper in Columbia County, Florida because the payment due by the Defendant to the Plaintiff under the insurance policy is in Columbia County, Florida where the Plaintiff resides.

8. The Plaintiff has exhausted his administrative remedies and appeals with the Defendant.

9. The Plaintiff has satisfied all conditions precedent to the filing of this action.

10. The Plaintiff purchased a voluntary accidental death and dismemberment insurance policy from the Defendant through his employer (the insurance police will hereinafter be referred to as the "Policy").

11. No contributions were made towards the purchase of the Policy for the Plaintiff by the Plaintiff's employer.

12. The Policy was a completely voluntary purchase by the Plaintiff.

13. Participation in the program to purchase the Policy was completely voluntary.

14. The Plaintiff's employer did not endorse the Defendant or the program through which the Plaintiff purchased the Policy.

15. The function of the Plaintiff's employer with respect to the program through which the Plaintiff voluntarily purchased the Policy was the collection of premiums for the Policy through payroll deductions and the remitting of the premiums to the Defendant or the Defendant's agent or affiliate.

16. The Plaintiff's employer received no consideration in the form of cash or otherwise in connection with the program though which the Plaintiff voluntarily purchased the Policy.

17. The Policy provided for a cash payment to the Plaintiff in the event that, among other losses, he suffered an accidental loss of vision.

18. The Plaintiff did not attach a copy of the Policy to this Complaint as the Policy is in the Defendant's possession and the Plaintiff does not possess a copy of the Policy at this time.

19. The last four digits of the Policy number (not inclusive of trailing zeroes) are 2094. *See* Fla. R. Jud. Admin. 2.425(a)(4)(H).

20. In or around November 2018, the Plaintiff suffered an accident in which a chemical accidentally splashed and / or penetrated on, into, and / or around his right eye causing the Plaintiff to suffer complete loss of all use of the injured eye and rendering the injured eye completely blind without even the ability to perceive light, shadows, movement, depth, shapes, etc.

21. At the time of the accident that caused the Plaintiff's complete loss of use of his injured eye, he was covered by the Policy.

22. At the time of the accident that caused the Plaintiff's complete loss of use of his injured eye, the accident and loss suffered by the Plaintiff was one that was covered by the Policy.

23. There are no exclusions that apply under the Policy with respect to the injury or loss suffered by the Plaintiff.

24. The Plaintiff's right eye was visually impaired at the time of the chemical accident that caused the complete loss of vision in that eye, but prior to the complete loss, the Plaintiff had the ability to perceive light, shadows, movement, depth, the shape of objects, the identity of objects, and other environmental perceptions with the use of his right eye. All such prior and important uses of that eye are completely and irreparably gone as a result of the accident the Plaintiff suffered.

25. The Plaintiff's injured and now completely blind eye is a permanent condition that will never improve. The only possible treatments for the eye are the Plaintiff wearing a cosmetic lens, or the surgical removal of the eye followed by replacement with a prosthesis.

## BREACH OF CONTRACT

26. The Plaintiff realleges paragraphs 1 – 25 as though fully stated herein and otherwise alleges as follows below.

27. The Plaintiff and the Defendant had a contract (the Policy) in which the Plaintiff paid the Defendant premium payments for the Policy and the Defendant agreed to pay a payment to the Plaintiff in the event of accidental dismemberment, which included the event of the accidental loss of use of an eye.

28. The Plaintiff paid his premiums to the Defendant for the Policy as required.

29. The Defendant accepted payment of the premiums for the Policy from the Plaintiff.

30. The Plaintiff filed a claim with the Defendant for payment under the Policy after the accidental complete loss of use of his right eye.

31. The Defendant wrongfully denied the claim and refused to pay the payment under the Policy.

32. The Defendant breached its contract with the Plaintiff by refusing to pay the payment it agreed to pay after the accidental complete loss of use of the Plaintiff's right eye.

33. The Plaintiff was damaged by the Defendant's breach in that he did not receive the cash payment for which he contracted with the Defendant to pay in the event of the accidental complete loss of use of his eye.

34. The Plaintiff was damaged by the Defendant's breach in that he did not receive the cash payment that he expected to receive from the Defendant after he suffered a covered accident.

35. The Defendant's breach was a legal cause of the damages suffered by the Plaintiff.

36. The Plaintiff has retained the undersigned counsel and law firm to represent him in this action and he is obligated to pay attorney's fees and costs of suit.

37. The Plaintiff is entitled to and hereby demands payment of his attorney's fees pursuant to contract and / or pursuant to Florida Statutes to include, but not necessarily be limited to, section 627.428.

38. The Plaintiff satisfied the condition precedent to the payment of his attorney's fees by the Defendant including, but not necessarily limited to, the filing of the instant Complaint only after the expiration of sixty (60) days from the date the Plaintiff filed a claim with the Defendant.

WHEREFORE, the Plaintiff demands judgment against the Defendant for payment of the accidental death and dismemberment policy benefit for the accidental complete loss of use of his right eye; for payment of costs and attorney's fees; and for any other relief that this Honorable

Court deems just and proper. The Plaintiff demands a jury trial in this action on all issues so triable.

    Respectfully submitted this 21st day of September, 2020.

                            **ROBINSON, KENNON & KENDRON, P.A.**

        BY:     **s/ BRIAN C. RODGERS**
                     **BRIAN C. RODGERS**
                     Florida Bar No.: 91998
                     **KRIS B. ROBINSON**
                     Florida Bar No.: 247870
                     582 W. Duval Street
                     Lake City, Florida 32055
                     Tel.: 386-755-1334 / Fax 386-755-1336
                     Primary Email:     bcr@rkkattorneys.com
                                                   kbr@rkkattorneys.com
                     Secondary Email:   rac@rkkattorneys.com
                     *Attorneys for the Plaintiff*

UNOFFICIAL DOCUMENT

Filing # 113678386 E-Filed 09/21/2020 12:35:25 PM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

BENJAMIN JACKSON,

Plaintiff,  CASE NO.: 20-221-CA

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,
a corporation,

Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

The Lincoln National Life Insurance Company
c/o Chief Financial Officer
200 East Gaines Street
Tallahassee, Florida 32399-0301

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

BRIAN C. RODGERS, ESQUIRE
ROBINSON, KENNON & KENDRON, P.A.
582 West Duval Street
Post Office Box 1178
Lake City, Florida 32056-1178
Telephone: (386) 755-1334

within 20 days after service of this summons on that Defendant, exclusive to the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

WITNESS my hand and seal of said Court on Sept 21, 2020.

James M. Swisher
As Clerk of the Court

By: _____
As Deputy Clerk

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
STATE OF FLORIDA

| | |
|---|---|
| BENJAMIN JACKSON | **CASE #:** 2020-221-CA |
| | **COURT:** 3RD JUDICIAL CIRCUIT |
| | **COUNTY:** COLUMBIA |
| PLAINTIFF(S) | **DFS-SOP #:** 20-000290276 |

VS.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Wednesday, September 23, 2020 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, September 28, 2020 to the designated agent for the named entity as shown below.

LINCOLN NATIONAL LIFE INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

BRIAN C RODGERS
582 W DUVAL STREET
582 W DUVAL STREET
LAKE CITY, FL 32056

Electronically Filed Columbia Case # 20000221CAAXMX 09/28/2020 10:26:09 AM    CN1

Office of the General Counsel - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, FL 32314-6200 - (850)413-4200

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR COLUMBIA COUNTY, FLORIDA

BENJAMIN JACKSON,                                    CASE NO.: 2020-221-CA

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,
a corporation,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF APPEARANCE AND EMAIL DESIGNATION

    Please take notice that Kris B. Robinson of Robinson, Kennon, and Kendron hereby files his Notice of Appearance for the Plaintiff, and requests that he be included on the service of all notices, pleadings, and other documents filed in this case and pursuant to Florida Rule of Judicial Administration 2.516, designates the following primary and secondary e-mail address for service by electronic mail:

    Primary e-mail address:    kbr@rkkattorneys.com

    Secondary e-mail address:    mbd@rkkattorneys.com
                              rac@rkkattorneys.com

RESPECTFULLY SUBMITTED.

ROBINSON, KENNON & KENDRON, P.A.

BY:    **/s/ KRIS B. ROBINSON**
          KRIS B. ROBINSON
          FLORIDA BAR NO.:  247870
          POST OFFICE BOX 1178
          LAKE CITY, FLORIDA 32056
          582 WEST DUVAL STREET
          LAKE CITY, FLORIDA 32055
          Tel. (386) 755-1334
          Fax (386) 755-1336
          Email:    kbr@rkkattorneys.com
          Secondary:    mbd@rkkattorneys.com
                              rac@rkkattorneys.com